IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. WELLARD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ALAN W. WELLARD, APPELLANT.

Filed July 21, 2026.    No. A-25-571.

Appeal from the District Court for Fillmore County: DAVID J. A. BARGEN, Judge. Affirmed.

Tad D. Eickman for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

RIEDMANN, Chief Judge, and BISHOP and FREEMAN, Judges.

FREEMAN, Judge.

## INTRODUCTION

Alan W. Wellard appeals from the Fillmore County District Court's order, which denied his motion for postconviction relief without an evidentiary hearing. For the reasons set forth herein, we affirm.

## BACKGROUND

In August 2023, pursuant to a plea agreement, Wellard was convicted of one count of attempted possession of methamphetamine with intent to distribute and two counts of possession of a deadly weapon by a prohibited person. The district court sentenced Wellard to an aggregate term of 16 to 18 years' imprisonment. Wellard's trial counsel also represented him in a direct appeal wherein this court summarily affirmed Wellard's convictions and sentences. See *State v. Wellard*, No. A-23-684 (Mar. 20, 2024).

In March 2025, Wellard filed a pro se motion for postconviction relief raising, two claims. He first alleged that an improper search warrant violated his Fifth and Fourteenth Amendment rights. Wellard also alleged that his trial counsel was ineffective for "failing to notify [him] of all commitment orders of the court withholding information to form a proper defense."

In May 2025, the district court appointed new counsel to represent Wellard in his postconviction proceedings. In June, the court denied Wellard's motion for postconviction relief without an evidentiary hearing, finding that Wellard alleged only unsupported legal and factual conclusions.

Wellard timely appeals, represented by different counsel than for his trial and direct appeal.

## ASSIGNMENT OF ERROR

Wellard assigns, restated, that the district court erred in denying his motion for postconviction relief without an evidentiary hearing.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling. *State v. Harms*, 315 Neb. 445, 996 N.W.2d 859 (2023).

## ANALYSIS

Wellard assigns that the district court erred in denying his motion for postconviction relief without an evidentiary hearing. However, Wellard provides limited support for appellate review of his claim. He argues that his operative motion alleged sufficient facts to establish ineffective assistance of counsel. In that motion, Wellard maintained that the court relied on an improper warrant in violation of his constitutional rights and that counsel failed to inform him of court commitment orders, thereby withholding information necessary to prepare a defense.

As an initial matter, Wellard has failed to adequately assign and argue his claim that an improper warrant was used. The appellate court does not conduct a review of a postconviction appeal sua sponte; however, as with all appeals, the alleged errors of the lower court must be both specifically assigned and specifically argued in the brief of the party asserting the errors to be considered by the appellate court. See *State v. Jennings*, 312 Neb. 1020, 982 N.W.2d 216 (2022). The appellate court will not scour the record on appeal to understand unclear arguments or find support for broad conclusions. *Id.* Conclusory assertions unsupported by coherent analytical argument fail to satisfy the requirement of arguing an assigned error to obtain consideration by an appellate court. *State v. Boppre*, 315 Neb. 203, 995 N.W.2d 28 (2023).

Here, Wellard references the warrant issue only in passing, confining his discussion to the assignment of error and conclusion sections of his brief without providing any meaningful legal analysis or argument. Wellard's claim fails on this basis alone. However, for the sake of

completeness, we also find that the claim was procedurally barred, and even upon reaching the merits, the district court did not err in denying an evidentiary hearing.

Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Davis*, 317 Neb. 59, 8 N.W.3d 247 (2024). The allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *State v. Goynes, supra*. An evidentiary hearing is required on a motion for postconviction relief unless (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id*.

First and foremost, a review of the records and files show that Wellard's claim is procedurally barred. The factual basis for Wellard's warrant challenge was fully known and available at the time of his direct appeal, where he was represented by the same trial counsel. A motion for postconviction relief is not a substitute for an appeal. *State v. Tyler*, 301 Neb. 365, 918 N.W.2d 306 (2018). The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022). Therefore, it is fundamental that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. *Id*.

Furthermore, even if we were to reach the merits of Wellard's claim, we conclude that the district court correctly denied relief because the motion alleged only conclusory assertions unsupported by specific facts. Although Wellard claims that his constitutional rights were violated by the use of an improper warrant, he failed to identify any defect in the warrant, explain how the warrant was improperly obtained, or allege facts demonstrating prejudice. Instead, his motion merely asserted broad constitutional violations without supporting factual allegations. Such conclusory allegations are insufficient to warrant postconviction relief or an evidentiary hearing. See *State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025).

Turning to Wellard's second claim, he asserts that trial counsel was ineffective for "failing to notify [him] of all commitment orders of the court withholding information to form a proper defense-resulting in violation of due process [through] ineffective assistance of counsel."

In a postconviction action brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019). To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Reeves*, 321 Neb. 427, 35 N.W.3d 46 (2026). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*.

In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable

probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id*. The two prongs of the test under *Strickland v. Washington, supra*, may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. See *State v. Cox*, 314 Neb. 104, 989 N.W.2d 65 (2023).

Wellard's ineffective assistance claim fails because his motion does not allege facts showing deficient performance under *Strickland*. His postconviction motion alleged only that counsel failed to notify him of unspecified "commitment orders" and withheld information needed to form a defense. His claim identified no such "commitment orders," describes no withheld information, and does not explain what counsel should have done differently. Without facts identifying the alleged omissions, the motion does not show that counsel's performance fell below the standard of a reasonably competent attorney.

The postconviction motion also fails to allege facts establishing prejudice. Wellard does not assert that counsel's alleged omissions affected Wellard's decision to plead guilty or his decision to go to trial, nor does he identify any consequence flowing from counsel's actions. Absent such allegations, there is no basis to conclude that the outcome would have been different. This claim is inadequate to satisfy either prong of the *Strickland* test. The district court therefore did not err in denying an evidentiary hearing on this claim.

CONCLUSION

For the reasons discussed, we affirm the order of the district court dismissing Wellard's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.